# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61100-RAR

**ABDO COMPANIES, INC.**,

    Plaintiff,

v.

**JAMES RIVER INSURANCE COMPANY**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court on Defendant James River Insurance Company's Motion to Dismiss Count I of Plaintiff's Complaint [ECF No. 6] and Defendant Henry Company, LLC's Motion to Dismiss Count II of Plaintiff's Complaint [ECF No. 1-9] (collectively, the "Motions"). The Court has carefully reviewed the Motions, Plaintiff's Responses in Opposition [ECF Nos. 9, 13], and Defendants' Replies [ECF Nos. 22, 24], and conducted a telephonic hearing to discuss the Motions on June 29, 2021 ("Hearing"), *see* Paperless Minute Entry [ECF No. 29].

Having heard argument from all parties and being otherwise fully advised, the Court ruled on the record and memorializes those rulings herein. Accordingly, as discussed at the Hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss Plaintiff's Complaint [ECF Nos. 1-9, 6] are **GRANTED** for the reasons set forth below. Count I of Plaintiff's Complaint is **DISMISSED** *without prejudice*, and Count II of Plaintiff's Complaint is **DISMISSED** *with prejudice*.

## BACKGROUND

This action stems from an allegedly defective silicone roof product manufactured by Defendant Henry Building Products, LLC and installed by non-party Florida Quality Roofing, Inc. ("FQR") on Plaintiff's premises. According to Plaintiff, the product blistered and bubbled significantly over the entirety of Plaintiff's roof, which tore the underlying roof material from the building structure, causing material damage to the roofing structure. Compl. [ECF No. 1-2] ¶ 7. FQR had an insurance policy with Defendant James River Insurance Company, which allegedly covered the damages sought by ABDO, but James River refused to provide coverage. *Id*. ¶ 15. Plaintiff filed suit against FQR, which assigned its first party rights under the insurance contract with James River. *Id*. ¶ 16.

In Count I of its Complaint, Plaintiff contends as an assignee that James River breached the insurance contract with FQR by improperly failing to provide coverage. In Count II, Plaintiff contends Henry Company, LLC negligently trained FQR on how to install the roofing system correctly.

## LEGAL STANDARD

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when the plaintiff

states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.*

## ANALYSIS

### I. *Count I Against Defendant James River Insurance Company*

Count I is due to be dismissed for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is seeking to recover under a *Coblentz* agreement, which is a negotiated consent judgment "entered into between an insured and a claimant in order to resolve a lawsuit in which the insurer has denied coverage and declined to defend." *Bradfield v. Mid–Continent Cas. Co.*, 15 F. Supp. 3d 1253, 1257 n.6 (M.D. Fla. 2014). "In Florida, a party seeking to recover under a *Coblentz* agreement must prove: (1) coverage; (2) a wrongful refusal to defend; and (3) that the settlement was objectively reasonable and made in good faith." *Sinni v. Scottsdale Ins. Co.,* 676 F. Supp. 2d 1319, 1324 (M.D. Fla. 2009) (citing *Chomat v. N. Ins. Co. of N.Y.*, 919 So. 2d 535, 537 (Fla. 3d DCA 2006)).

Although the ultimate burden of proof lies with the insurance carrier, "[t]he injured party carries the initial burden of making a *prima facie* showing of reasonableness and lack of bad faith." *Monticello Ins. Co. v. City of Miami Beach*, No. 06-20459, 2008 WL 906537, at *3 (S.D. Fla. Apr. 3, 2008). Here, as explained at the Hearing, Plaintiff fails to meet that burden because it does not allege in its Complaint that the *Coblentz* agreement was free of collusion and that the settlement amount was reasonable. Moreover, in Count I, Plaintiff seeks prevailing party attorney's fees under section 627.428 of the Florida Statutes, but as a surplus lines insurer, James River is not subject to that part of the Florida Insurance Code. *See* FLA. STAT. § 626.913(4) (2014) (providing that "[e]xcept as may be specifically stated to apply to surplus lines insurers, the provisions of

chapter 627 do not apply to surplus lines insurance"). Accordingly, for the foregoing reasons, Count I shall be dismissed without prejudice.

The Court rejects, however, James River's argument that Count I must be dismissed for failure to name indispensable parties. James River asserts that Plaintiff has failed to name the insurers that provided coverage to FQR before and after James River. Whether an absent party is indispensable is governed by Rule 19 of the Federal Rules of Civil Procedure, which provides that a person should be joined, when feasible, if (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a).

Under these circumstances, it is clear that complete relief can be afforded to the parties without the presence of any additional insurers. Plaintiff alleges breach of contract under a specific insurance policy with Defendant. Any adjudication of Plaintiff's rights or a finding as to the breach of contract claim does not impact the interest of separate or additional insurers. Therefore, the Court finds that Defendant has not identified any indispensable party to this litigation under Rule 19(a). *See King Cole Condo. Ass'n v. QBE Ins. Corp.*, No. 08-23350, 2009 WL 10668628, at *3 (S.D. Fla. July 1, 2009) ("[I]n this case, the relevant issues concern Defendant's obligations to Plaintiff stemming from a specific insurance policy. Those obligations are not impacted by [another party's] absence from this case.").

## II. Count II Against Defendant Henry Company, LLC

In Count II, Plaintiff asserts a claim for negligent training stemming from Henry Company's alleged representation to Plaintiff that FQR was a trained and authorized installer of its product. Compl. ¶ 25. There are two fatal flaws to this claim that require dismissal with prejudice. First, Henry Company was not in an employer-employee relationship with FQR. Under Florida law, "[n]egligent training occurs when an employer was negligent in the implementation or operation of the training program." *Gutman v. Quest Diagnostics Clinical Laboratories, Inc.*, 707 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010). Plaintiff could not provide—and the Court's independent research did not reveal—any authority supporting the proposition that a negligent training claim may be brought outside the context of an employer-employee relationship. *Accord In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 739-40 (E.D. Mo. 2019) (explaining under the Restatement of Torts: "[T]his Court would be the first, apparently, to find an 'assumed' duty to train a non-employee/agent. None of plaintiffs' cited cases involved training or education by a manufacturer regarding the use of its products. The cognizable claim in this situation is duty to warn.").

Second, Plaintiff argues that Henry Company is liable under the voluntary undertaking doctrine, which stands for the proposition that one "who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. . . ." *Union Park Mem'l Chapel v. Hutt*, 670 So. 2d 64, 67 (Fla. 1996). But Plaintiff alleges only that Henry Company represented that the installers were trained to install its equipment, and there is no allegation that Henry Company actually undertook to perform that training. *See Sanderson v. Eckerd Corp.*, 780 So. 2d 930, 933-34 (Fla. 5th DCA 2001) (estate failed to state cause of action against pharmacist under the voluntary undertaking doctrine where the complaint did not allege that the pharmacist

undertook to perform—or negligently performed—pharmacy's advertised promise that a computer system would detect and warn customers about drug reactions and interactions, or that the decedent relied on the advertised promise). *Cf. Segev v. Lynn Univ.*, No. 19-CV-81252, 2021 WL 2269838, at *20 (S.D. Fla. Feb. 26, 2021) ("Segev has proffered sufficient evidence at this stage to show that Wharton *personally undertook to correct the situation* caused by him not receiving his ADA accommodations in a timely manner, and that he relied upon the alleged representations . . . I find that Wharton assumed a duty of care when she assured Segev that the situation would be resolved in his favor.") (emphasis added), *report and recommendation adopted*, 2021 WL 1996437 (S.D. Fla. May 19, 2021). Plaintiff's allegations do not present a cognizable claim for negligent training, and because amendment would be futile, Count II of Plaintiff's Complaint shall be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss [ECF Nos. 1-9, 6] are **GRANTED**. Count I of Plaintiff's Complaint is **DISMISSED** *without prejudice*, and Count II is **DISMISSED** *with prejudice*. Plaintiff shall file an Amended Complaint in compliance with this Order by **July 23, 2021**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**